EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Villamil Development, S.E.<br><br>Peticionaria<br><br>vs.<br><br>Centro de Recaudaciones de Ingresos Municipales<br><br>Recurrido | Certiorari<br><br>2007 TSPR 102<br><br>171 DPR _____ |

Número del Caso: CC-2006-528

Fecha: 1 de junio de 2007

Tribunal de Apelaciones:

      Región Judicial de San Juan

Juez Ponente:

      Hon. Emmalind García García

Abogado de la Parte Peticionaria:

      Lcdo. José Luis Vilá Pérez

Abogados de la Parte Recurrida:

      Lcdo. Edwin Ortiz Pietri
      Lcdo. Jorge L. Sánchez Rodríguez

Materia: Impugnación de Imposición Contributiva sobre Propiedad
      Inmueble

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Villamil Development, S.E.

    Peticionaria

        vs.                      CC-2006-528       CERTIORARI

Centro de Recaudaciones de
Ingresos Municipales

    Recurrido


OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 1 de junio de 2007

Villamil Development (Villamil) es una sociedad especial organizada bajo las leyes del Estado Libre Asociado de Puerto Rico y se dedica al arrendamiento de propiedad inmueble. A su vez, es dueña de una parcela de terreno sita en la Avenida Ponce de León en Hato Rey. En ésta enclava un edificio de once pisos, de los cuales cuatro se encuentran destinados a oficinas, seis a estacionamiento y uno a comercio.

El 1 de julio de 2004 el Centro de Recaudación de Ingresos Municipales (CRIM) le cursó a Villamil una notificación de contribución sobre propiedad inmueble para el año fiscal 2004-2005 respecto a la propiedad antes mencionada. En

dicha notificación se detallaron las siguientes partidas:

Valor neto tributable: $2,922,668

1. Contribución anual: $235,274.77

2. Contribución primer semestre: $117,637.39

3. Contribución segundo semestre: $117,637.38

El 30 de julio de 2004, Villamil pagó al CRIM $105,873.64. Dicha suma corresponde a la contribución para el primer semestre, menos el 10% de descuento por pronto pago que dispone el Artículo 3.43 de la Ley de Contribuciones Municipales sobre la Propiedad, 21 L.P.R.A. § 5093, para cuando se efectúa el pago del importe de un semestre dentro del término de 30 días.

En esa misma fecha, Villamil presentó ante el CRIM una solicitud de revisión administrativa, en la cual objetó la valorización de la propiedad inmueble en cuestión. Adujo que el CRIM erró al incluir en la tasación del inmueble ciertas mejoras ascendentes a $175,701.00, hechas por varios inquilinos en sus respectivos locales, ya que éstas son tributables a los inquilinos.

El CRIM denegó la revisión solicitada debido a que Villamil alegadamente incumplió con el requisito jurisdiccional dispuesto en el Artículo 3.48 de la Ley, 21 L.P.R.A § 5098a. Dicha disposición estatutaria establece, en lo pertinente, que previo a solicitar revisión administrativa el contribuyente debe pagar al CRIM, dentro del término de 30 días a partir de la fecha de depósito en

el correo de la notificación sobre contribución: 1) la parte de la contribución con la cual estuviere conforme y un 40% de la parte de la contribución con la cual no estuviere conforme; o 2) la totalidad de la contribución impuesta. Sólo cuando el contribuyente pague la totalidad de la contribución impuesta podrá éste acogerse al descuento por pronto pago dispuesto en el Artículo 3.43 de la Ley.

Al respecto, el CRIM sostuvo que el pago de $105,873.64 efectuado por Villamil --el cual corresponde al importe de la contribución para el primer semestre menos un 10%-- no cumplió con el artículo antes mencionado, por cuanto para poder acogerse al 10% tenía que pagar la totalidad de la contribución para el año fiscal 2004-2005, previo a solicitar una revisión administrativa.[1] El CRIM sostuvo, además, que el pago efectuado por Villamil tampoco cumplió con el Inciso 1 del Artículo 3.48 de la Ley, porque para ello tenía que haber pagado la parte de la contribución con la cual estuviere conforme y el 40% de la contribución con la cual no estuviere conforme.[2]

---

[1] Es decir, tenía que pagar $235,274.77 menos el diez por ciento (10%) de descuento por pronto pago, para un total de $211,747.30.

[2] Entiéndase que Villamil también podía optar por pagar $226,788.41, suma que corresponde a la parte de la contribución con la cual estuvo conforme más el 40% de la parte de la contribución con la cual no estuvo conforme.

Insatisfecho, Villamil presentó una demanda sobre impugnación de imposición contributiva en contra del CRIM ante el Tribunal de Primera Instancia, Sala Superior de San Juan. En ésta, además de esbozar sus argumentos respecto a la valorización de la propiedad inmueble, adujo que el pago realizado cumplió con el requisito jurisdiccional dispuesto en el Artículo 3.48 de la Ley; ello debido a que de una interpretación integral del Artículo 3.43 de la Ley --el cual regula el descuento por pronto pago-- y del Artículo 3.48, antes mencionado, surge que el término "totalidad de la contribución impuesta" se refiere a la totalidad de la contribución semestral y no a la totalidad de la contribución anual.

El CRIM presentó una solicitud de sentencia sumaria. En ésta, solicitó la desestimación de la causa de acción por falta de jurisdicción, ya que Villamil --previo a solicitar la revisión administrativa-- no efectuó el pago de la totalidad de la contribución anual impuesta o, en la alternativa, el pago de la parte de la contribución anual con la cual estuviere conforme más el 40% de la parte con la cual no estuviere conforme. Adujo que la Ley es clara al establecer, repetimos, que el pago puede ser el total anual menos el 10% de descuento por pronto pago o, en la alternativa, la parte de la contribución anual con la cual estuviere conforme más el 40% de la parte de la contribución anual con la cual no estuviere conforme.

Luego de que Villamil radicara su oposición a la sentencia sumaria solicitada, y de varios trámites procesales, el tribunal de instancia declaró con lugar la sentencia sumaria presentada por el CRIM. Determinó que cuando en el Artículo 3.48 se hace referencia al término "totalidad de la contribución impuesta" se refiere a la cantidad indicada como contribución anual en la notificación emitida por el CRIM, y que dicho requisito no se cumple pagando la cantidad correspondiente a un semestre del año fiscal; por lo cual, para acogerse al 10% de descuento por pronto pago, previo a presentar una revisión administrativa, la Ley exige que el contribuyente pague la totalidad de la contribución anual y no un importe semestral de la misma.

Insatisfecho, Villamil acudió ante el Tribunal de Apelaciones aduciendo que el Tribunal de Primera Instancia había errado al así actuar o decidir. El tribunal apelativo intermedio confirmó la determinación del tribunal de instancia. Determinó que la ley es clara al imponer como requisito el pago del importe anual y que, en modo alguno, se señala en la Ley que la "totalidad de la contribución impuesta" se refiere al importe de un semestre del año fiscal.

Inconforme, Villamil acudió --mediante recurso de *certiorari*-- ante este Tribunal aduciendo que procede revocar la sentencia emitida por el foro apelativo intermedio debido a que:

> … [e]l artículo 3.48 (a) de la Ley de Contribución Municipal dispone que el contribuyente que solicite revisión administrativa de la contribución sobre propiedad inmueble, no podrá acogerse al descuento por pronto pago dispuesto en el Artículo 3.43 de la Ley, excepto cuando pague la totalidad de la contribución impuesta dentro de los términos prescritos por ley para tener derecho al descuento. Tales disposiciones permiten que el contribuyente se acoja al descuento de 10% si paga la contribución en dos plazos, en enero y julio de cada año fiscal. El Tribunal de Apelaciones erró al enmendar por fiat judicial los términos de pago de la contribución, exigiendo que el contribuyente adelante el pago del segundo semestre de la contribución previo el inicio del trámite administrativo.

Expedimos el recurso. Estando en posición de resolver el mismo, procedemos a así hacerlo.

I

La Ley Núm. 83 del 30 de agosto de 1991 --mejor conocida como la Ley de Contribuciones Municipales sobre la Propiedad-- le confirió a los municipios el poder y la facultad de tasar, imponer, notificar, determinar y cobrar las contribuciones sobre la propiedad. Véase Exposición de Motivos, Ley Núm. 83 del 30 de agosto de 1991, 21 L.P.R.A. § 5001, *et seq.* A esos fines, el legislador le transfirió al CRIM todos los poderes, facultades y funciones relacionadas con las contribuciones sobre la propiedad mueble e inmueble en Puerto Rico; funciones antes ejercidas por el Secretario de Hacienda.

En el 1998, dicha legislación fue objeto de enmienda. Así, mediante la Ley Núm. 135 del 11 de julio de 1998, el

legislador adicionó el Artículo 3.48 al cuerpo de la Ley.

Éste, en lo pertinente, dispone que:

> Artículo 3.48.-Procedimiento para la revisión administrativa e impugnación judicial de la Contribución sobre la Propiedad Inmueble
>
> a)   Revisión administrativa
>
> Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva emitida por el Centro de conformidad a los Artículos 3.26 y 3.27 de esta Ley, podrá solicitar por escrito una revisión administrativa donde se expresen las razones para su objeción, la cantidad que estime correcta e incluir, si lo entiende necesario, la evidencia o documentos correspondientes, dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por los Artículos 3.26 y 3.27 de esta Ley, siempre y cuando el contribuyente, dentro del citado término:
>
> 1.   Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;
>
> 2.   <u>Pague al Centro de Recaudación la totalidad de la contribución impuesta</u>.
>
> El contribuyente que solicite una revisión administrativa, según se dispone en este artículo, no podrá acogerse al descuento por pronto pago dispuesto en el Artículo 3.43 de esta Ley, <u>excepto cuando pague la totalidad de la contribución impuesta dentro de los términos prescritos por ley para tener derecho al descuento</u>.
>
> …  Cuando la decisión sea favorable [al contribuyente], el Centro vendrá obligado a devolver al contribuyente la parte de la contribución cobrada en exceso, con los intereses correspondientes desde la fecha de pago de la contribución revisada.
>
> El procedimiento de revisión administrativa deberá completarse como requisito previo para que un contribuyente que no estuviere conforme

con la decisión sobre imposición contributiva la impugne, según lo dispone el inciso (b) de este artículo.

(b)   Impugnación judicial

Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva realizada por el Centro, de conformidad a los Artículos 3.26 y 3.27 de esta Ley y el inciso (a) de este artículo, podrá impugnar la misma ante el Tribunal de Primera Instancia dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por los Artículos 3.26 y 3.27 de esta Ley, siempre y cuando dicho contribuyente, dentro del citado término:

1.   Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;

2.   Pague al Centro de Recaudación la totalidad de la contribución impuesta.

Tanto la presentación de la impugnación, como el pago de la contribución impuesta, ya sea en su totalidad o en la parte con la cual se estuviere conforme, así como el pago del cuarenta por ciento (40%) de la parte de la contribución con la cual no se estuviere conforme, dentro del término dispuesto, se considerarán de carácter jurisdiccional.

… Si la decisión del Tribunal fuere favorable al contribuyente y éste hubiere pagado la contribución impugnada en o con posterioridad a lo establecido en este artículo, dicha decisión dispondrá que se devuelva a dicho contribuyente la contribución o la parte de ella que estimare el Tribunal fue cobrada en exceso, con los intereses correspondientes por ley, computados desde la fecha de pago de la contribución impugnada.

El contribuyente que desee impugnar la imposición contributiva, según se dispone en este artículo, no podrá acogerse al descuento por pronto pago dispuesto en el Artículo 3.43 de esta Ley, excepto que pague la totalidad de la contribución impuesta e impugnada dentro de los

términos prescritos por ley para tener derecho
al descuento.[3]

A su vez, dicho artículo de ley nos _refiere_ al
Artículo 3.43 de la Ley, el cual establece que:

Artículo 3.43. – Descuentos

Se concederán los siguientes descuentos sobre el
importe semestral de la contribución sobre la
propiedad inmueble correspondiente al año
económico 1992-93 y años siguientes, si el pago
se efectuare en la forma y dentro del plazo
correspondiente.

(a) Diez (10) por ciento del monto del semestre
si el pago se efectúa dentro de treinta (30)
días a partir de la fecha en que el recibo
estuviere en poder del colector o del
representante autorizado y así se anunciare.

(b) Cinco (5) por ciento del monto del semestre
si el pago se efectúa después de treinta (30)
días, pero sin exceder de sesenta (60) días.

II

En síntesis, nos corresponde resolver si mediante el
Artículo 3.48 el legislador impuso --como requisito
jurisdiccional para la revisión administrativa o la
impugnación judicial de la contribución impuesta-- el pago
de la totalidad de la contribución anual notificada o,
simplemente, el pago de la parte de la contribución
correspondiente a un semestre del año fiscal.

---

[3] Como puede deducirse de su texto, el Artículo 3.48
establece el mismo requisito de pago para el proceso de
impugnación judicial de la contribución impuesta y
notificada. Cumplido el requisito a nivel administrativo,
se entiende cumplido a nivel judicial.

Por un lado, Villamil aduce que cuando el Artículo 3.48 establece que el contribuyente no podrá acogerse al descuento por pronto pago "excepto cuando pague la totalidad de la contribución impuesta <u>dentro de los términos prescritos por ley para tener derecho al descuento</u>", la frase "dentro de los términos prescritos por ley" se refiere a las pautas establecidas en el Artículo 3.43 de la ley, el cual regula el descuento por pronto pago. De una lectura del Artículo 3.43, podemos percatarnos que mediante dicho Artículo se permite aplicarle un 10 ó un 5 por ciento de descuento <u>al importe semestral de la contribución</u>, si el contribuyente paga dicho importe dentro del término de 30 ó 60 días, respectivamente. Villamil sostiene que debido a que la Ley permite el pago de la contribución en dos semestres, y a que el Artículo 3.43 se refiere específicamente al pago del importe de un semestre, el término "totalidad de la contribución impuesta", utilizado en el Artículo 3.48, se refiere a la totalidad de la contribución para un semestre y no a la totalidad de la contribución anual. Es decir, sostiene que debido a que el Artículo 3.43 regula el descuento basado en el importe semestral y a que dicho artículo hace referencia al pago por semestre, el término "totalidad" al que alude el Artículo 3.48 se refiere a dicha cantidad parcial.

Por otro lado, el CRIM aduce que la frase "dentro de los términos prescritos por ley para tener derecho al

descuento" se refiere únicamente al término de 30 días dispuesto en el Artículo 3.43 para tener derecho al 10% de descuento; término que, precisamente, coincide con el término jurisdiccional de 30 días para solicitar revisión administrativa. Sostiene que la interpretación aducida por Villamil no tiene cabida ante el mandato claro de la Ley de que, para tener derecho al descuento, el contribuyente tiene que pagar la totalidad de la contribución impuesta, la cual, precisamente, se impone anualmente.

## III

Luego de un detenido examen de las disposiciones legales en controversia, somos de la opinión que el término "totalidad de la contribución impuesta" se refiere a la totalidad de la contribución anual y no a la totalidad de un importe semestral de la misma. De igual forma, somos del criterio que la frase "dentro de los términos para tener derecho al descuento" se refiere al término de 30 días dispuesto en el Artículo 3.43 para tener derecho a un 10% de descuento. Veamos por qué.

El Artículo 14 del Código Civil, 31 L.P.R.A. § 14, específicamente dispone que "[c]uando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". A su vez, el Artículo 15 del Código Civil, 31 L.P.R.A. § 15, expresa que "[l]as palabras de una ley deben ser generalmente entendidas en su más corriente y usual

significación, sin atender demasiado al rigor de las reglas gramaticales, sino al uso general y popular de las voces". En el presente caso, la propia Ley establece que la contribución se impone anualmente, esto es, el 1 de enero de cada año.[4] Ello, en el uso corriente, general y usual de las palabras, significa que sólo se impone una contribución para cada año fiscal y que el término "contribución impuesta" no puede referirse a otra que no sea a la contribución anual.

El hecho que la Ley permita dividir el pago de la contribución para un año fiscal en dos semestres, no significa que la contribución se imponga dos veces al año y que cada importe semestral sea una contribución impuesta separada e independiente. De hecho, en el propio artículo en el que se establece el pago semestral de la contribución, el legislador hace referencia a la contribución impuesta como una sola y en forma alguna da a entender que los importes semestrales son contribuciones impuestas separadas e independientes. Véase Artículo 3.41 de la Ley, 21 L.P.R.A. § 5091.[5]

---

[4] Véase Artículo 3.18, 21 L.P.R.A. § 5068, el cual, en lo pertinente, dispone que: "[t]odos los bienes inmuebles serán tasados en el municipio en que estuvieren ubicados, para imponerles contribución, a nombre de la persona que fuere dueño de los mismos o que estuviere en posesión de ellos el día primero de enero…".

[5] Dicho Artículo dispone, en síntesis, que:"[l]a contribución impuesta sobre el valor de los bienes inmuebles será pagadera semestralmente al Centro de

(Continúa . . .)

Por otro lado, dentro del uso corriente, general y usual de las palabras, la frase "dentro de los términos" no tiene otro significado que no sea el transcurso de un lapso o período de tiempo. Tan es así, que de una lectura del Artículo 3.48 en su totalidad, cada vez que el legislador recurrió a la frase "dentro de los términos" se refirió a un período de tiempo que, en este caso, no puede ser otro que el término de 30 días dispuesto en el Artículo 3.43. El único lapso o período de tiempo al cual el Artículo 3.43 hace referencia para tener derecho al 10% de descuento por pronto pago, es al término de 30 días, el cual, precisamente, coincide con el término para presentar la revisión administrativa.[6]

El que la Ley permita pagar la contribución anual en dos plazos, uno en julio y otro en enero, y que el Artículo 3.43 haga referencia a los importes semestrales, no nos faculta ni es razón suficiente para darle una interpretación distinta al lenguaje claro y sin ambages utilizado por el legislador en el Artículo 3.48 de la Ley. Las normas de hermenéutica legal así lo prohíben. La única

---

Recaudación o su representante, por adelantado, el día primero de julio y de enero de cada año."

[6] El Artículo 3.43 en cuestión también permite que se aplique un 5% de descuento a aquel contribuyente que realice el pago correspondiente luego de los 30 días pero en o antes de los 60 días. Dicho 5% de descuento no aplica cuando el contribuyente solicita revisión administrativa debido a que éste por ciento de descuento adviene aplicable luego de transcurrido el término de 30 días jurisdiccional para solicitar revisión administrativa.

contribución impuesta es la anual y para que el contribuyente pueda tener derecho a un 10% de descuento, previo a solicitar revisión administrativa, tiene que pagar la totalidad de la contribución impuesta, entiéndase, la totalidad de la contribución anual notificada por el CRIM. Así lo dispuso claramente el legislador en el Artículo 3.48, antes citado.

En segundo término, el Reglamento emitido por el CRIM, en virtud de la Ley de Contribuciones Municipales sobre la Propiedad, confirma lo antes resuelto. Dicho Reglamento, en su Artículo IX (2), específicamente dispone que el contribuyente debe pagar la totalidad de la contribución _anual_ impuesta previo a solicitar revisión administrativa.[7] Véase Reglamento 7221 del 19 de septiembre

_____

[7] Dicho Artículo dispone que: [c]onforme lo dispuesto en el Artículo 3.48 de la Ley 83, el contribuyente que no estuviere conforme con la notificación de la imposición de la contribución o la notificación de cambio en la valoración según los Artículos 3.26 y 3.27 de la Ley 83, podrá solicitar por escrito al Centro Regional del CRIM correspondiente al municipio donde ubique la propiedad inmueble que concierne la solicitud de revisión o, en los casos correspondientes, a la Oficina Central del CRIM, conforme lo contemplan los Artículos V, XII, XV y XVI de este Reglamento, una revisión administrativa dentro del termino jurisdiccional de treinta (30) días calendarios, contados a partir de la fecha de depósito en el correo de la referida notificación siempre y cuando el contribuyente, dentro del referido término de treinta (30) días: 1) pague al CRIM la parte de la contribución anual con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución anual con la cual no estuviere conforme; o 2) pague al CRIM la totalidad de la contribución **anual** impuesta para el referido año fiscal, según dispone el Articulo 3.48 de la Ley 83. El pago de la contribución del modo aquí dispuesto constituirá un requisito jurisdiccional para la presentación de una

(Continúa . . .)

de 2006 sobre el Procedimiento Administrativo para Impugnar la Notificación de Contribuciones sobre la Propiedad Inmueble.

Resulta pertinente señalar, además, que un examen del historial legislativo de Ley Núm. 135 del 11 de julio de 1998 --mediante la cual se adicionó el Artículo 3.48 a la Ley Núm. 83 en cuestión-- confirma lo aquí resuelto. Allí, en el Informe sometido por la Comisión de Asuntos Municipales y la Comisión de Hacienda ante la Cámara de Representantes se expuso lo siguiente:

> "... primero se dispone que el contribuyente deberá radicar la solicitud de revisión administrativa dentro de los treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación. Además se establece que durante ese término, el contribuyente deberá pagar la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere de acuerdo o, en su lugar, la totalidad de la contribución impuesta garantizándosele el reembolso total de la misma, en caso de prevalecer en su reclamación. También se dispone que cuando se **pague parte de la contribución**, el contribuyente no se podrá acoger al descuento por pronto pago dispuesto en el Artículo 3.43".

Ello significa que la frase "totalidad de la contribución impuesta", incluida en el Artículo 3.48 de la Ley, no

_____

solicitud de revisión administrativa, según dispuesto por la Ley 83 y este Reglamento. Solicitudes presentadas fuera del término provisto por la Ley 83 y el presente Reglamento o sin que se hubiese efectuado el pago de contribución requerido por el Artículo 3.48 de la Ley 83 y este Artículo, se entenderán denegadas de plano, sin que para ello se requiera notificación al Contribuyente al respecto.

puede referirse a un importe semestral, como aduce Villamil. Ciertamente, un importe semestral califica como "pagar parte de la contribución" y pagar únicamente una parte, impide que el contribuyente se acoja al descuento. Como único puede el contribuyente acogerse al 10% de descuento previo a solicitar revisión administrativa es pagando la totalidad de la contribución anual impuesta, pues pagar el importe semestral o, incluso, pagar la parte de la contribución con la cual estuviere conforme y el 40% de la parte con la cual no estuviere conforme es, indudablemente, "pagar parte" de la contribución.

Coincidimos con el CRIM respecto a que proceder con el pago de la cantidad correspondiente a un semestre, previo a la solicitud de revisión administrativa, presupone que ésta es la contribución impuesta e impugnada, lo que propiciaría el absurdo de que el contribuyente tendría que solicitar otra revisión administrativa para la contribución impuesta e impugnada que compone el importe correspondiente al segundo semestre. De igual forma, coincidimos con el CRIM respecto a que la referencia hecha en el Artículo 3.48 respecto al Artículo 3.43 no constituye una modificación implícita de lo expresamente dispuesto en el Artículo 3.48, "en el sentido de que basta con pagar el importe semestral de la contribución menos el descuento para cumplir con el requisito jurisdiccional de pagar".

En fin, resolvemos que cuando el legislador hace referencia al término "totalidad de la contribución impuesta", en el Artículo 3.48 de la Ley, se refiere al pago de la totalidad de la contribución anual notificada por el CRIM y, por consiguiente, que para acogerse al 10% de descuento por pronto pago, previo a presentar una revisión administrativa o impugnación judicial, el contribuyente debe pagar la totalidad de la contribución anual y no un importe semestral de la misma. Ello sin perjuicio de lo expresamente dispuesto en el propio Artículo 3.48 respecto a que de prevalecer el contribuyente en su impugnación, el CRIM vendrá obligado a devolverle la contribución pagada en exceso, con los intereses correspondientes desde la fecha de pago de la contribución revisada.

IV

En el caso hoy ante nuestra consideración, Villamil pagó $105,873.64 al CRIM dentro del término de 30 días a partir del depósito en el correo de la notificación de contribución. Dicho pago no fue suficiente para cumplir con el requisito jurisdiccional establecido en el Artículo 3.48 de la Ley, pues la suma pagada no constituye la totalidad de la contribución anual menos el 10% de descuento, ni la parte de la contribución anual con la cual estuviere conforme más el 40% de la contribución anual con la cual no estuviere conforme. Para cumplir con

lo establecido en el Artículo 3.48 de la Ley Villamil debió haber pagado al CRIM: 1) $226,788.41, suma que corresponde a la parte de la contribución anual con la cual estuvo conforme más el 40% de la parte de la contribución anual con la cual no estuvo conforme; o 2) $211,747.30, suma que corresponde a la totalidad de la contribución anual impuesta menos el 10% de descuento por pronto pago. No lo hizo. Por consiguiente, tanto el CRIM como los tribunales recurridos <u>actuaron correctamente al denegar</u> la impugnación presentada.

V

En mérito de todo lo antes expuesto, procede <u>confirmar</u> las sentencias emitidas por los tribunales recurridos.

Se dictará Sentencia de conformidad.

FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Villamil Development, S.E.

    Peticionaria

       vs.                CC-2006-528      CERTIORARI

Centro de Recaudaciones de
Ingresos Municipales

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 1 de junio de 2007

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia confirmatoria de las emitidas en el presente caso, tanto por el Tribunal de Primera Instancia como por el Tribunal de Apelaciones.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton concurre en el resultado sin opinión escrita. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo